IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES A. TUCKER | : | CIVIL ACTION |
| | : | |
| v. | : | No. 05-2881 |
| | : | |
| THE COUNTY OF BUCKS, ET AL. | : | |

### MEMORANDUM OPINION

**Savage, J.**                                                                                               April 20, 2006

In this putative class action where no motion for class certification has been filed, the issue is whether the action is now moot as a result of the subsequent amicable termination of the underlying state court proceedings which the plaintiff had challenged in this action. I conclude that because the plaintiff's claim no longer exists, the case is moot. Thus, it must be dismissed for lack of jurisdiction.

In his original class action complaint, the plaintiff named as defendants the County of Bucks, the Board of Commissioners of Bucks County and the Domestic Relations Section of the Bucks County Court of Common Pleas. In an amended complaint, he added the Court of Common Pleas of Bucks County. Pursuant to the plaintiff's motion, the Court of Common Pleas of Bucks County and the Domestic Relations Section of the Bucks County Court of Common Pleas were dismissed as defendants.

In his second amended complaint, the plaintiff added as defendants G. Thomas Wiley, the court administrator of the Bucks County Court of Pleas; the Honorable Susan Devlin Scott, the Administrative Judge of the Family Court Division of the Court of Common Pleas; and Judith A. Bretz, the Chief Master responsible for all primary custody cases.

1

These three defendants were named in their official capacities only.

The plaintiff challenges the defendants' policy requiring indigent parties to a custody dispute to waive their right to cross examine experts who prepare, at the court's request and at the county's expense, evaluation reports for the court's use in determining the custody issues. According to the second amended complaint, the plaintiff filed a petition seeking legal and physical custody of his three minor children who were in their mother's primary custody. At a prehearing conference, a master recommended that the parents, who qualified as indigent, obtain a professional custody evaluation by Court Conciliation and Evaluation Service ("CCES") to assist the court as provided in PA. R. CIV. P. 1915.8(a).[1] The plaintiff purportedly objected to signing a form waiving his right to cross examine the evaluator at future proceedings as a condition of having the evaluation performed. The custody court later overruled the plaintiff's objections to the waiver and directed the parties to submit to the CCES evaluation and to execute the waiver. At the next court proceeding, the plaintiff continued to object to signing the waiver. At that time, the presiding judge allegedly threatened dismissal of the custody petition if the plaintiff did not submit to an evaluation with CCES. The plaintiff then signed the Consent and Waiver form and submitted to the evaluation.

On December 22, 2005, after instituting this action, the plaintiff and the mother entered into a Custody Stipulation which was incorporated into a Court Order.[2] The custody action was then terminated. No challenge to the evaluation report was made, and

---

[1] The County has a contract with CCES to conduct the evaluations. *First Am. Compl.*, Ex. A.

[2] *Tucker v. Tucker*, No. A06-97-61604-C-16 (Pa. Ct. Com. Pl., Bucks County, Dec. 22, 2005) (order and custody stipulation).

2

the plaintiff did not attempt to call as a witness or to cross examine the evaluator at any time before entering into the stipulation.

The jurisdiction of federal courts is limited to actual "cases and controversies." The controversy must exist throughout all stages of the litigation. *United States v. Sczubelek*, 402 F.3d 175 (3d Cir. 2005). Once the plaintiff no longer has a personal stake in the outcome of the litigation, his case must be dismissed as moot. *Id.* at 178. Therefore, when the issue raised at the outset is no longer "live" or the parties lack a legally cognizable interest in the outcome, the case becomes moot and the court no longer has subject matter jurisdiction. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

This case is moot because the plaintiff's custody action has been resolved. Before any hearing commenced, he entered into an agreement which was incorporated into a court order that ended the case. Consequently, because no hearing was required, the plaintiff did not demand to cross examine the evaluator. Nor did the court deny him the right to do so. In other words, he was never forced to give up his right to cross examine the county subsidized expert. Hence, because there was no deprivation of the plaintiff's Sixth Amendment right of confrontation, no controversy arose nor does one now exist.

In class actions, settlement of a plaintiff's claim does not necessarily moot the entire action. After class certification and settlement of the named plaintiff's claim, there remains a controversy between the remaining unnamed class members, who continue to have the same interest, and the defendants. *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992). Accordingly, in that instance, there is still a case or controversy. *Board of School Commissioner v. Jacobs*, 420 U.S. 128, 129 (1975).

This exception to the general mootness rule does not apply where no motion for

certification of a class has been filed. *Lusardi*, 975 at 974. Thus, when claims of a named plaintiff become moot prior to class certification, dismissal is required because there is no longer a plaintiff who can assert a justiciable claim. *Id*. at 974-75.

Resisting dismissal, plaintiff's counsel argues that this case raises an issue that is capable of repetition but will not be reviewed. Indeed, the mootness rule as applied to dismissal of precertification class actions does not apply where the claims are so inherently transitory that the court will not have the opportunity to rule on a class certification motion before the named plaintiff's individual interest expires. *County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991).

In this case, there was no motion for certification pending at the time the plaintiff's custody proceedings ended to his satisfaction. This is not a case where the defendants made a settlement offer or had done something to end the controversy before the plaintiff had a chance to move for class certification. Nor is it a case where the defendants were settling with class representatives to defeat class certification. On the contrary, it is one where the plaintiff voluntarily chose not to pursue the proceedings which he challenged in this action.

Article III of the Constitution requires that a plaintiff suffered an actual or faces an imminent injury as a result of the defendants' conduct. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992); *Natural Resources Defense Council, Inc. v. Texaco*, 2 F.3d 493, 505 (3d Cir. 1993). The injury must be real and immediate. *Roe v. Operation Rescue*, 919 F.2d 857, 864 (3d Cir. 1990). To qualify as a threatened injury, the future injury must be one that is likely to occur imminently.

Here, the plaintiff suffered no injury nor does he face a threatened one. Although

he had signed a waiver form, he never asserted his right to cross examine the evaluator at the proceeding which ended favorably to him.  Despite having signed the waiver form in order to have the evaluation performed, the plaintiff still could have asserted his right to cross examine the evaluator later at the hearing.  However, because he entered into an agreement with the mother of his children, there was no adversary proceeding.  Consequently, there is no way to determine what the custody court would have done had the plaintiff asserted his right.

## Conclusion

Because the plaintiff's claim no longer exists and there are no other persons having outstanding claims in this action, there is no case or controversy.  Also, the plaintiff suffered no injury and does not face an imminent one as a result of the defendants' alleged conduct.  Therefore, this action is moot.

     /s/ Timothy J. Savage
TIMOTHY J. SAVAGE, J.